**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Giovanni German Vasquez Rosales, | Case No. 26-cv-708 (LMP/LIB) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Tracy Beltz, Warden, | |
| Respondent. | |

Pursuant to a general assignment made in accordance with 28 U.S.C. § 636, this matter comes before the undersigned United States Magistrate Judge upon Petitioner Giovanni German Vasquez Rosales' Petition for a writ of habeas corpus. [Docket No. 1].

Under Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts, a petition for a writ of habeas corpus must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground."  In an Order dated January 29, 2026, this Court concluded that the habeas petition filed by petitioner Giovanni German Vasquez Rosales failed to comply with Rule 2(c). ( See Order [Docket No. 4]).  The habeas petition made clear that Petitioner sought to challenge the validity of state-court convictions for second-degree criminal sexual conduct on the basis of ineffective assistance of trial counsel. (See Petition [Docket No. 1] at 5). But Petitioner was less clear regarding what aspects of his attorney's performance, specifically, he was seeking to challenge through his habeas petition. Petitioner had raised multiple ineffective-assistance claims in the state courts, first on direct appeal, see State v. Rosales, No. A22-1252, 2023 WL 5344135, at *3-4 (Minn. Ct. App. Aug. 21, 2023), and later through a petition for postconviction relief, see Rosales v. State, No. A24-0962, 2025 WL 251725, at *1-2 (Minn. Ct. App. Jan. 21, 2025), but the habeas petition largely failed to identify which of those

claims Petitioner was seeking to renew. Moreover, to the extent that Petitioner did at least suggest specific ineffective-assistance claims that he intended to prosecute, those claims appeared to fall within the group of claims rejected by the Minnesota courts as not having been raised at the appropriate time and therefore barred from further review in state court. See Id. Those ineffective-assistance claims would similarly be barred from further litigation in federal court under the doctrine of procedural default. See, e.g., Wainwright v. Sykes, 433 U.S. 72, 86-88 (1977).

It was therefore imperative that Petitioner identify which ineffective-assistance claims he intended to prosecute—both to fulfill the requirements of Rule 2(c) and to ensure that Petitioner was seeking to prosecute claims that had been fairly presented to the Minnesota state courts and adjudicated on the merits. See 28 U.S.C. § 2254(b). Petitioner was afforded thirty days in which to file an amended habeas petition clarifying the claims for relief that he intended to litigate. (See Order [Docket No. 4]).

That thirty-day deadline has now passed, and Petitioner has not filed an amended habeas petition, requested additional time in which to do so, or otherwise responded to the Court in any way. Accordingly, for the reasons explained here and in the January 29 Order, it is now recommended that this matter be dismissed without prejudice for failure to comply with Rule 2(c) of the Rules Governing Section 2254 Cases. See Rule 4, Rules Governing Section 2254 Cases in the United States District Courts (requiring district courts to conduct preservice review of habeas petitions). Because the Court does not believe that the procedural basis on which dismissal is being recommended is reasonably debatable, it is further recommended that Petitioner not be granted a certificate of appealability. See 28 U.S.C. § 2253(c).

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1.      This matter be DISMISSED WITHOUT PREJUDICE.

2.      No certificate of appealability be issued.


Dated: March 11, 2026                        s/Leo I. Brisbois
                                             Hon. Leo I. Brisbois
                                             United States Magistrate Judge


## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections. See Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).